UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LARRY SWEARINGEN, §
                  §
        Petitioner, §
VS.               §    MISCELLANEOUS ACTION NO. H-06-59
                  §
DOUGLAS DRETKE,   §
                  §
        Respondent. §

## ORDER

Larry Ray Swearingen, a Texas inmate incarcerated under a sentence of death, filed a *pro se* Motion for Appointment of Counsel. (Docket Entry No. 1). Swearingen recently sought DNA testing in Texas state court. The lower state court denied leave to engage in DNA testing. Swearingen defaulted his challenge to that ruling when he failed to file a timely notice of appeal. *See Swearingen v. State*, ___ S.W.3d ___, 2006 WL 231614 (Tex. Crim. App. 2006). Swearingen's federal motion for appointment of counsel suggests that he wishes to litigate issues from that proceeding in federal court.

This Court has already considered, and denied, Swearingen's initial habeas petition. (H-04-CV-2058). This Court appointed two attorneys for the preparation and litigation of his initial petition. Swearingen's initial petition remains pending before the Fifth Circuit, and counsel still represents him in those proceedings. Swearingen's recent filing is apparently preparatory to the filing of a successive habeas action. The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") limits a state inmate's ability to file repeated habeas petitions: "Before a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin* , 518 U.S. 651, 664 (19960 ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court.").  "[T]he purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key* , 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain* , 137 F.3d 234, 235 (5th Cir. 1998)).  While the question of whether the Fifth Circuit will grant Swearingen leave to file his anticipated successive petition is not directly before this Court, the AEDPA's limited successive review informs this Court's ability to appoint counsel based on Swearingen's recent request.

Capital inmates possess a statutory right to the appointment of federal counsel. *See* 21 U.S.C. § 848(q)(4)(B).  Nevertheless, that right is not unlimited and does not always extend to the litigation of successive federal petitions.  While the Fifth Circuit has given an "expansive" reading to 21 U.S.C. § 848(q)(4)(B)'s promise of federal counsel, *In re Hearn* , 376 F.3d 447, 451 (5th Cir. 2004), that guarantee "must be harmonized with Congress's . . . determination in AEDPA that the grounds for successive habeas petitions are narrowly circumscribed, *In re Hearn* , 389 F.3d 122, 123 (5th Cir. 2004) (on rehearing).  Federal law generally "does not justify appointment of counsel . . . for the preparation of a second federal habeas petition," *Kutzner v. Cockrell* , 303 F.3d 333, 338

(5th Cir. 2002), unless a petitioner makes an extraordinary, and fact specific, showing. *See In re Hearn* , 389 F.3d at 123 (on rehearing).  Swearingen makes no effort to show that his circumstances require the appointment of new counsel, particularly when this Court has already appointed counsel to represent Swearingen "throughout every subsequent stage of available judicial proceedings, including . . . *all available* post-conviction process[.]" 21 U.S.C. § 848(q)(4)(B)(8) (emphasis added).

The fact that Swearingen apparently seeks to attack state DNA proceedings that he failed to appeal in a timely manner further detracts from any need for new federal counsel.  Nothing in federal law requires appointment of counsel for "the wholly futile enterprise of addressing the merits" of a procedurally deficient petition. *Cantu-Tzin v. Johnson* , 162 F.3d 295, 296 (5th Cir. 1998).  Swearingen has not pointed to any constitutional authority  providing due process or other protection in Texas' post-conviction DNA testing procedures. *Cf. Brown v. Dretke* , 419 F.3d 365, 378 (5th Cir. 2005) ("[A]lleged infirmities in state habeas proceedings are not grounds for federal habeas relief."); *Trevino v. Johnson* , 168 F.3d 173, 180 (5th Cir. 1999) ("[I]nfirmities in state habeas court proceedings do not constitute grounds for relief in federal court."), *cert. denied* , 527 U.S. 1056 (1999).  Swearingen also fails to suggest that he can overcome the federal procedural bar that flows from defaulting his claims in state court by not complying with appellate filing deadlines.

Counsel already represents Swearingen.  Swearingen has not suggested that he can successfully file a second habeas petition that will address procedurally adequate

claims of constitutional magnitude.  This Court, therefore, **DENIES** Swearigen's motion for the appointment of counsel **WITHOUT PREJUDICE**.

Signed at Houston, Texas, this 23rd day of February, 2006.

Melinda Harmon
United States District Judge